(No. 1849— ▆▆▆▆▆▆▆▆

HARTMAN-CLARK BROTHERS COMPANY, Claimant, vs. STATE OF ILLINOIS Respondent.

*Opinion filed December 8, 1931.*

HARTMAN-CLARK BROTHERS COMPANY, pro se.

OSCAR E. CARLSTROM, Attorney General; CARL I. DIETZ, Assistant Attorney General, for respondent.

Mr. Justice Roe delivered the opinion of the court:

This is a suit brought by the claimant, Hartmann-Clark Brothers Company, a corporation, of the City of Peoria, County of Peoria, State of Illinois, against the defendant, State of Illinois, to recover damages caused by the cancellation of road construction contracts Nos. 4543, 4555, 4556, 4557, 4558, 4559, 4574 and 4587 on State Bond Issue Route No. 9, Sections 46-X and 46-X-1, 48 and 48-X, and Route No. 88, Section 126, Route No. 165, Section 124-X, awarded on the 16th day of September, 1931, and Route No. 48, Section 137, and Route 120, Section 115, awarded on the 21st day of September, 1931.

The facts in this case are as follows: That after the complainant commenced performance under the said contracts it received a notice from the respondent on the 6th day of October, 1931, through its Division of Highways, Department of Public Works and Buildings, that no payments could be made for work done under the contracts for the reason that the "Prevailing Wage Law" under which the contracts had been let was held to be invalid and void by the courts of this State and that in the event the claimant proceeded further under the said contracts, it did so at its own peril. When this notice was received the complainant had already completed work under all the contracts except one and thereafter the greater part of complainant's forces and machinery remained idle from October 6th to November 2nd, 1931, thereby necessitating considerable expense in addition to the cost of work completed, for which the claimant asked damages, and the State was then and there so notified.

Thereupon, the Division of Highways, Department of Public Works and Buildings, of the State of Illinois, through its Director and Chief Highway Engineer, after making deductions for cement sacks salvaged, reached an agreement in settlement of the damages caused as aforesaid and stipulated to make payment in the sum of $20,648.59. The Attorney General has approved of the said settlement and stipulation; but the Division of Highways could not pay the claim and therefore recommended that a claim be filed with this court.

As there is no dispute as to the facts presented in the claimant's declaration and the evidence establishes the claimant's right of action, the court is of the opinion that the claim is reasonable and should be paid. The court accordingly awards the claimant the sum of $20,648.59.